STATE OF NORTH CAROLINA
v.
LAURA CAROL CUMBEE, Defendant.
No. COA08-1366
Court of Appeals of North Carolina
Filed September 15, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Charlene Richardson, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for defendant-appellant.
GEER, Judge.
Defendant Laura Carol Cumbee appeals from her conviction of passing a stopped school bus in violation of N.C. Gen. Stat. § 20-217(a) (2007). Defendant's sole argument on appeal is that the trial court erred in denying her motion to dismiss because the State failed to present evidence that the stopped vehicle had the words "school bus" visible on the front and back of the vehicle as required by N.C. Gen. Stat. § 20-217(b). Based upon our review of the evidence, when viewed in the light most favorable to the State, as required by the applicable standard of review, we hold that the State's evidence was sufficient and that the trial court properly denied the motion to dismiss.

Facts
On 31 January 2007, defendant was issued a citation for passing a stopped school bus in violation of N.C. Gen. Stat. § 20-217(a). On 5 September 2007, she was convicted in district court of passing a stopped school bus, was sentenced to a suspended sentence of 45 days imprisonment, and was placed on 12 months of unsupervised probation. Defendant appealed to superior court.
At trial in superior court, the State's evidence tended to show the following. At 2:50 p.m. on 31 January 2007, Officer Ricky Jackson of the Dunn Police Department was traveling east on West Granville Street in Dunn, North Carolina. West Granville Street is a two-lane road with a third turn lane in the center. As Officer Jackson approached the intersection of West Granville Street with North Fayetteville Avenue, he pulled up behind a bus that was stopping.
Officer Jackson was the second car behind the bus. He described the bus as "a big yellow bus with red flashing lights and a stop arm [coming] out of the left side" that "had `school bus' on the back, above the emergency exit on the back at the top." As some students were stepping off the bus onto West Granville Street, Officer Jackson observed defendant, driving a silver Pontiac, pass the stopped bus as she was traveling west on West Granville Street. Officer Jackson immediately turned around and pulled defendant over to the side of the road. Defendant asked Officer Jackson why he had stopped her, and he explained that he had just observed her pass a stopped school bus. Defendant apologized and said that she had not realized that she had done so.
Joyce Williams, the bus driver, testified that at the time of the incident, she had come to a complete stop at the intersection of West Granville Street and North Fayetteville Avenue and had activated the bus' flashing lights and stop arm so that she could let several students off the bus. She described the bus she was driving as "[a] big yellow bus with `school bus', eight-inch letters, `school bus' on it. Flashing lights." Ms. Williams was asked, "Was there anything marking the word `school bus' on the bus on that day?" She responded, "Yes. On the back, at the top of my window is `school bus'." Ms. Williams and Officer Jackson both testified that nothing was blocking the words "school bus" from view. Ms. Williams testified that as she was letting the students off on West Granville Street, a grayish-silver car passed the bus.
Defendant chose to testify and admitted that she had seen and passed the stopped bus on West Granville Street that day, but stated that she believed that she did not have to stop for the bus because it was at a railroad crossing. She testified:
Actually I seen the bus, I'm not saying I did not run the bus, I did run the bus. What I'm saying is that that bus was at a railroad crossing. . . . I seen the bus; seen the police officer. I still did not stop because I didn't think I was suppose to stop for a bus at a railroad crossing.
She further testified that the bus only had its caution lights flashing  she claimed that it did not have its stop arm out.
The jury found defendant guilty, and the trial court sentenced her to 30 days imprisonment. That sentence was suspended, and defendant was placed on 18 months unsupervised probation. Defendant timely appealed to this Court.

Discussion
Defendant contends that the trial court erred in denying her motion to dismiss. "This Court reviews the trial court's denial of a motion to dismiss de novo." State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "The standard of review on a motion to dismiss for insufficient evidence is whether the State has offered substantial evidence of each required element of the offense charged." State v. Goblet, 173 N.C. App. 112, 118, 618 S.E.2d 257, 262 (2005). Substantial evidence is that amount of evidence "sufficient to persuade a rational juror to accept a particular conclusion." Id. "In ruling on a motion to dismiss for insufficient evidence, the court must view the evidence in the light most favorable to the State and every reasonable inference drawn from the evidence must be afforded to the State." Id.
N.C. Gen. Stat. § 20-217(a) provides that
[w]hen a school bus is displaying its mechanical stop signal or flashing red lights and the bus is stopped for the purpose of receiving or discharging passengers, the driver of any other vehicle that approaches the school bus from any direction on the same street, highway, or public vehicular area shall bring that other vehicle to a full stop and shall remain stopped. The driver of the other vehicle shall not proceed to move, pass, or attempt to pass the school bus until after the mechanical stop signal has been withdrawn, the flashing red stoplights have been turned off, and the bus has started to move.
Subsection (b) of N.C. Gen. Stat. § 20-217 further provides, however, that "[t]his section applies only in the event the school bus bears upon the front and rear a plainly visible sign containing the words `school bus.'" N.C. Gen. Stat. § 20-217(b).
Defendant argues that the State failed to present sufficient evidence that the stopped vehicle she passed on 31 January 2007 had "'plainly visible front and rear signs containing the words "school bus."'" (Quoting Jessica Smith, N.C. Inst. Of Gov't, North Carolina Crimes: A Guidebook on the Elements of Crime 666 (6th ed. 2007).) According to defendant, the State's evidence showed only that the words "school bus" appeared on the back of the bus, and the trial court should, therefore, have dismissed the charge against her. We disagree.
Joyce Williams, the school bus driver, testified to the following:
Q. And calling your attention to this bus, would you please describe what it looks like?
A. A big yellow bus with "school bus", eight-inch letters, "school bus" on it. Flashing lights.
Q. And was everything in working order according to your lights at that time?
A. Yes, ma'am.
Q. Was there anything marking the word "school bus" on the bus that day?
A. Yes. On the back, at the top of my window is "school bus."

Q. Was there anything blocking those words?
A. No.
(Emphasis added.) Ms. Williams thus testified that the words "school bus" appeared "[o]n the back" and "at the top of my window."
Although defendant reads that testimony as indicating only that "school bus" appeared on the back of the bus, defendant's interpretation of Ms. Williams' testimony does not account for her reference to "my window." When the evidence is viewed in the light most favorable to the State, as required by our standard of review, Ms. Williams' reference to "my window" should be understood as a reference to the driver's windshield or, in other words, the front of the bus. The State, therefore, presented sufficient evidence to comply with N.C. Gen. Stat. § 20-217(b), and the trial court properly denied the motion to dismiss.
No error.
Judges BRYANT and STEPHENS concur.
Report per Rule 30(e).